**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

   **-v-**　　　　　　　　　　　　　　　　　　　　　　　　**3:00-CR-269**

**KEITH LAWRENCE,**

                 **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Defendant Keith Lawrence was convicted upon his guilty plea of conspiracy to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 846. On September 26, 2003, he was sentenced to 92 months of imprisonment and 5 years supervised release.  Defendant's term of supervised release commenced on February 12, 2007 after Defendant completed his term of incarceration.  Lawrence has since been convicted upon his guilty plea of criminal sale of a controlled substance in the third degree in violation of New York Penal Law § 220.39(1), and sentenced by the state court to 3 and ½ years incarceration in state prison.  Lawrence has also entered a guilty plea to a petition brought by the U.S. Probation Department alleging that he violated the terms of his supervised release by his drug sales.  This Court sentenced Lawrence on his supervised release violation to 24 months incarceration to run consecutively to his state incarceration, and to be followed by a term of 36 months supervised release.

Defendant now seeks, *inter alia*, a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses. See U.S.S.G. § 2D1.1(c); Def. Motion (dkt. # 957). The Government opposes the motion.

**II.    DISCUSSION**

Lawrence's motion must be denied. The applicable statute providing authority for the Court to re-sentence a defendant is 18 U.S.C. § 3582(c)(2). This provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable policy statement issued by the Sentencing Commission is U.S.S.G. §1B1.10 ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)"). This provides in pertinent part:

> (a) Authority.--
>
> > (1) In General.--In a case in which a defendant **is serving a term of imprisonment**, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court **may reduce the defendant's term of imprisonment** as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1)(emphasis added).

Defendant is *not* serving "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); see U.S.S.G. § 1B1.10(a)(1).  He has completed the term of imprisonment for which Amendment 706 to the Guidelines *might* have been applicable.

Further, the Amendment has no application to the term of imprisonment imposed upon Lawrence's violation of the terms of his supervised release.  Indeed, Application Note 4(A) to  U.S.S.G. § 1B1.10 provides that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."

Finally, assuming *arguendo* that the Amendment applied to Lawrence's situation, the Court declines to allow a two level downward departure in light of Defendant's recidivism and upon consideration of the factors set forth at § 3553(a). See United States v. Borden, --- F.3d ----, 2009 WL 1066910, at *3 (2d Cir. April 22, 2009)("Because the statute states that a district court may reduce the term of imprisonment, it clearly allows for a district court to exercise its discretion when considering a motion to reduce a sentence brought pursuant to § 3582(c)(2).").

## III. CONCLUSION

For the reasons set forth above, Defendant's motion to reduce his sentence [dkt. # 957] is **DENIED**.  His request for appointment of counsel for this motion is also **DENIED**.

3

**IT IS SO ORDERED**

DATED: April 28, 2009

*/s/ Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge